UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| CARL E. WOZNIAK, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:21-CV-53-JEM |
| | ) | |
| KILOLO KIJAKAZI, Acting Commissioner | ) | |
| of the Social Security Administration, | ) | |
|     Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff Carl E. Wozniak on February 10, 2021, and Plaintiff's Brief in Support of Reversing the Decision of the Commissioner of Social Security [DE 19], filed November 29, 2021. Plaintiff requests that the decision of the Administrative Law Judge be reversed and remanded for further proceedings. On March 14, 2022, the Commissioner filed a response, and Plaintiff filed his reply on March 23, 2022. For the following reasons, the Court remands the Commissioner's decision.

**I.      Background**

On April 10, 2019, Plaintiff filed an application for benefits alleging that he became disabled on May 5, 2016. Plaintiff's application was denied initially and upon reconsideration. On September 10, 2020, Administrative Law Judge ("ALJ") Charles J. Thorbjornsen held a hearing at which Plaintiff, along with an attorney and a vocational expert ("VE"), testified. On September 22, 2020, the ALJ issued a decision finding that Plaintiff was not disabled.

The ALJ made the following findings under the required five-step analysis:

1. The claimant meets the insured status requirements through December 31, 2022.

2. The claimant has not engaged in substantial gainful activity since May 5,

1

    2016, the alleged onset date.

3.  The claimant has the following severe impairments: degenerative disk disease lumbar spine.

4.  The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

5.  The claimant has the residual functional capacity to perform light work except that he can lift/carry twenty (20) pounds occasionally and ten (10) pounds frequently; sitting for six (6) hours, standing for six (6) hours, and walking for six (6) hours in an eight hour workday; push/pull as much as can lift/carry; occasionally climb ramps and stairs; never climb ladders, ropes, or scaffolds; occasionally balance, stoop, kneel, crouch, and crawl.

6.  The claimant is unable to perform any past relevant work.

7.  The claimant was a younger individual age 18-49 on the application date and changed age category to closely approaching advanced age during this process.

8.  The claimant has at least a high school education and is able to communicate in English.

9.  Transferability of job skills is not an issue because the claimant is not disabled.

10.  Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

11.  The claimant has not been under a disability, as defined in the Social Security Act, from May 5, 2016, through the date of this decision.

The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner.

  The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. [DE 6]. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42

U.S.C. § 405(g).

**II.    Standard of Review**

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence, or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue,* 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "[I]f the Commissioner commits an error of law," the Court may reverse the decision "without regard to the volume of evidence in support of the factual findings." *White v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

At a minimum, an ALJ must "confront the [plaintiff's] evidence" and "explain why it was rejected." *Thomas v. Colvin*, 826 F.3d 953, 961 (7th Cir. 2014). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that, as a reviewing court, we may assess the validity of the agency's final decision and afford [a claimant] meaningful review." *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595); *see also O'Connor-Spinner*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions."); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").

### III.   Analysis

Plaintiff argues that the ALJ's analysis of Plaintiff's subjective symptoms was legally insufficient and his decision to rely on the non-examining state agency doctor's opinions over Plaintiff's treating surgeon's opinions was not supported by substantial evidence, and also raises a constitutional challenge to the appointment of the ALJ. The Commissioner argues that the opinion is supported by substantial evidence, that the ALJ properly considered all of Plaintiff's impairments, and that Plaintiff's separation of powers argument is unavailing.

Plaintiff argues that the ALJ erred in evaluating the opinions of Plaintiff's treating doctors. The ALJ was required to analyze a number of factors when determining the weight to give to medical opinions in the record and to thoroughly explain the weight given the opinions. The most important factors are the relevance of the medical evidence and explanations used to support the medical opinions and the consistency of the medical evidence with other medical and nonmedical sources. 20 C.F.R. §§ 404.1520c(b)(2), (c)(1)-(2); 416.920c(b)(2), (c)(1)-(2).

Dr. Chang, Plaintiff's treating orthopedic surgeon, completed an assessment that opined that

4

Plaintiff's prognosis was guarded, including clinical findings that Plaintiff's lower back was impaired, he suffered right thigh and leg pain, right knee weakness, and right anterior thigh numbness. AR 243. He also noted that Plaintiff has atrophy and limited range of motion. AR 243. Dr. Chang has seen Plaintiff over the course of three years every two to three months. Dr. Chang also indicated that medications for Plaintiff's pain cause drowsiness, dizziness and difficulty with concentration. AR. 244. Dr. Chang further opined that Plaintiff could sit for 30 minutes, stand for 30 minutes, could sit for about 2 hours during an 8-hour workday and stand/walk for less than 2 hours, and would need to walk every 30 minutes, and need unscheduled breaks 2 to 3 times a day for 5 to 10 minutes. AR 244-45. In Dr. Chang's opinion, Plaintiff would be off task for 25% or more of the time.

The ALJ concluded that Dr. Chang's opinions about Plaintiff's sitting, standing and walking time restrictions, lifting restrictions, and need to shift positions were not persuasive because he found them inconsistent with examination findings. AR 17. The ALJ found the state agency doctor's opinions that that Plaintiff could stand, walk or sit for up to 6 hours and lift more persuasive, as he found them consistent with the examination findings. AR 17.

Plaintiff argues that the ALJ mischaracterized the examination findings and noted medical evidence of Plaintiff not having a normal gait, having positive straight leg raise tests, abnormal neurological examinations, reduced strength, spasm, atrophy, reduced range of motion and tenderness (see *e.g.*, AR 244, 287, 301, 318, 323, 329, 349-50, 444, 446-447, 460.) The ALJ cited to three instances where Plaintiff's examination results were normal but failed to reference the numerous other instances where they were not. AR 17. He explained that he found the state agency consultants persuasive because "state agency consultants are highly qualified doctors who are skilled in the evaluation of medical issues in disability claims under the Act." AR 16.

The ALJ appears to have disregarded the fact that "[a] medical source may have a better understanding of [the claimant's] impairment(s) if he or she examines [the claimant] than if the medical source only reviews evidence in [their] folder," 20 C.F.R. § 404.1520c(c)(3)(i)-(v); *see also Martin v. Saul*, 950 F.3d 369, 375 (7th Cir. 2020) (expressing disapproval where "ALJ assigned little weight to every medical opinion related to physical conditions except for the one provided by . . . an agency physician who never examined [the plaintiff]."); *Kaminski v. Berryhill*, 894 F.3d 870, 874–75 (7th Cir. 2018), amended on reh'g (Aug. 30, 2018) ("The judge also impermissibly cherry-picked evidence. Specifically, the judge appears to have overlooked the consulting psychologist's report . . . yet relied heavily on the reports of doctors who did not examine [plaintiff] but who opined that he could work with some restrictions."). Although the ALJ is not required to give controlling weight to the opinions of Plaintiff's treating specialists, in this case ALJ has failed to "provide a 'logical bridge' between the evidence and his conclusions" to disregard the specialists' opinions because of some findings of stability and improvement and rely instead on the opinions of physicians who only reviewed the record. *O'Connor-Spinner*, 627 F.3d at 618; *Bates v. Colvin*, 736 F.3d 1093, 1099 (7th Cir. 2013) ("An ALJ cannot rely only on the evidence that supports her opinion."); *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010) ("An ALJ has the obligation to consider all relevant medical evidence and cannot simply cherry-pick facts that support a finding of non-disability while ignoring evidence that points to a disability finding."); *Myles v. Astrue*, 582 F.3d 672, 677-78 (7th Cir. 2009) (warning that an ALJ may not "play[] doctor and reach[] his own independent medical conclusion").  In short, the ALJ has failed to "provide a 'logical bridge' between the evidence and his conclusions" about Plaintiff's physical abilities. *O'Connor-Spinner*, 627 F.3d at 618.

Plaintiff also argues that the ALJ erred in finding that Plaintiff's statements about his

symptoms and limitations were "not entirely consistent" with the evidence. The Commissioner argues that the ALJ properly considered the subjective statements. When assessing subjective symptoms, the ALJ must consider a claimant's statements about his symptoms, such as pain, and how the symptoms affect his daily life and ability to work. *See* 20 C.F.R. § 404.1529(a); SSR 16-3p, 2016 SSR LEXIS 4, 2017 WL 5180304. In this case, as a reason to discount Plaintiff's complaints of the "severity of alleged disabling symptoms," the ALJ stated that he had "stable neurological examinations." AR 15. However, stability in a disease only means that it is not getting markedly worse or better, and improvement also does not mean that there is no longer limitation. *Murphy v. Colvin*, 759 F.3d 811, 819 (7th Cir. 2014) (as amended Aug. 20, 2014) ("Simply because one is characterized as 'stable' or 'improving' does not necessarily mean that she is capable of doing light work."); *Denton v. Astrue*, 596 F.3d 419, 426 (7th Cir. 2010) ("An ALJ has the obligation to consider all relevant medical evidence and cannot simply cherry-pick facts that support a finding of non-disability while ignoring evidence that points to a disability finding.").

This case is being remanded for a new RFC that fully incorporates all of Plaintiff's limitations, as determined through adequate consideration of the medical records. On remand, the ALJ is reminded to consider and properly weigh all the medical evidence and opinions in the record. The ALJ should fully consider each of Plaintiff's alleged impairments, alone and in combination, and provide a logical bridge from the evidence to his conclusion.

Because the case is being remanded, the Court need not address the merits of Plaintiff's constitutional argument. Plaintiff requests that the case be remanded to a new ALJ to cure the separation of powers concerns he raises in his brief. The case is being remanded, as he requested, so, without finding that there are any, the Court notes that any defects will be cured. *See Hoot v. Saul*, No. 1:18-CV-296-RLM, 2020 U.S. Dist. LEXIS 254965, at *9 (N.D. Ind. Mar. 23, 2020) *aff'd*

*Hekter v. Saul*, 2021 U.S. App. LEXIS 36160, 2021 WL 5768688 (7th Cir. Ind., May 10, 2021) (remand for a hearing before a constitutionally appointed ALJ will cure any constitutional challenge).

## VI.     Conclusion

For the foregoing reasons, the Court hereby **GRANTS** the relief requested in Plaintiff's Brief in Support of Reversing the Decision of the Commissioner of Social Security [DE 19] and **REMANDS** this matter for further proceedings consistent with this opinion.

SO ORDERED this 11th day of August, 2022.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc:  All counsel of record